UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                      Plaintiff,

v.

RAMON E. RIVERA,

                      Defendant.

Case No. 15-CR-51-1-JPS

**ORDER**

On October 14, 2025, Defendant Ramon E. Rivera ("Defendant"), acting pro se, filed a motion for compassionate release from custody. ECF No. 239. There are two problems with the motion that lead the Court to deny it without prejudice.

First, Defendant has not signed the motion. *See generally id.* This is problematic because Defendant makes statements in the motion about his health, behavior, rehabilitation, and the health and care needs of his mother. *See id.* Signing the motion avers that these statements are truthful; generally, the Court must strike unsigned motions. *See* FED. R. CIV. P. 11(a), (b)(2).

Second, a defendant seeking compassionate release from custody must demonstrate that he first presented his request to the warden of his institution. 18 U.S.C. § 3582(c)(1)(A) (permitting a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrate rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). This is known as the "administrative exhaustion" requirement. *See United States v. Sanford*, 986 F.3d 779, 780–81 (7th Cir. 2021). Defendant's

motion asserts several different bases for compassionate release. *See generally* ECF No. 239. He must therefore present *each* of these possible grounds for compassionate release to the warden of his institution in order to properly exhaust them. *See United States v. Williams*, 987 F.3d 700, 703 ("[I]n order [to] properly . . . exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons, via the warden] as in a motion to the court."). Defendant's motion does not indicate whether he first presented each of his asserted grounds for compassionate release to the warden of his institution and, if so, whether that request was denied.

For both reasons, Defendant's motion for compassionate release will be denied without prejudice. Defendant may refile his motion at any time, but (1) he must sign any such motion, and (2) any such motion should indicate or include evidence showing that Defendant exhausted each of his asserted grounds for compassionate release by presenting them to the warden of his institution and either waiting for a denial from the Warden to move for compassionate relief on his behalf or waiting thirty days.

Accordingly,

**IT IS ORDERED** that Defendant Ramon E. Rivera's motion for compassionate release, ECF No. 239, be and the same is hereby **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin, this 16th day of October, 2025.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge